UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH MAIARO, ALEX GANOT, and RAYMOND COLLAZO, on behalf of themselves and all others similarly situated,

Plaintiffs,

- *against* -

ALARM SPECIALISTS, INC. and GARY DAVIS,

Defendants.

13 Civ. 8658 (NSR)(LMS)

DECISION AND ORDER

**LISA MARGARET SMITH, U.S.M.J.**

Presently before the Court is Plaintiffs' motion for leave to amend their complaint. Docket # 26. Plaintiffs commenced this action on December 5, 2013, asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law. Docket # 1, Complaint. On December 11, 2013, a Consent to Sue Under the FLSA was filed by Thomas Langhorn, another individual employed by Defendant Alarm Specialists, Inc. Docket # 2. On December 30, 2013, Defendants filed an Answer with Counterclaims. Docket # 6. On January 17, and January 22, 2014, Plaintiffs filed an Answer and then an Amended Answer to the Counterclaims. Docket ## 7-8.[1] On February 4, 2014, Defendants filed a substitution of counsel, Docket # 10, and on March 12, 2014, Defendants filed an Amended Answer with Counterclaims. Docket # 12. On March 14, 2014, an initial pretrial conference was held before the Honorable Nelson S. Roman, the District Judge to whom this action is assigned. The Civil Case Discovery Plan and Scheduling Order ("Rule 16 Order") signed by Judge Roman on March 14, 2014, states that "Joinder of additional parties must be accomplished by March 15, 2014." Docket # 14. Likewise, the Rule 16 Order states, "Amended pleadings may be filed until March 15, 2014."

---

[1] Both Docket # 7 and Docket # 8 are listed as Amended Answer on the docket sheet, but Docket # 7 is the original Answer to the Counterclaims.

Id.[2] On March 18, 2014, Plaintiffs filed an Amended Answer to Defendants' Amended Answer with Counterclaims. Docket # 16. On March 19, 2014, Plaintiffs filed an Amended Complaint. Docket # 18. On April 1, 2014, Defendants filed an Answer to the Amended Complaint with Counterclaims. Docket # 20. On April 17, 2014, Plaintiffs filed an Amended Answer to the Answer to the Amended Complaint with Counterclaims. Docket # 21.

On April 23, 2014, the parties had their initial conference before the undersigned.[3] As set forth in the minute entry for that conference, "Plaintiff[s'] application to deem Mr. Langhorn as an additional plaintiff is denied. Plaintiffs' application to get primary discovery with regard to Mr. Langhorn is denied. Plaintiff[s'] motion to amend the complaint is due 5/7/2014; opposition due 5/14/14; reply due 5/19/14." Docket Sheet, Minute Entry for 4/23/2014. The instant motion followed. By way of their proposed Second Amended Complaint, Plaintiffs seek to add Thomas Langhorn as a named Plaintiff. See Rainone Decl. Ex. C (redlined version of the proposed Second Amended Complaint). Defendants oppose the proposed amendment on the bases of undue delay and prejudice. Mem. of Law in Opp. (Docket # 30) at 7-11.

For the reasons that follow, Plaintiffs' motion for leave to amend their complaint is granted.

---

[2]This is in contrast to the minute entry for the conference held on March 14, 2014, which states, "Plaintiffs granted leave to file an amended complaint by April 14, 2014. Defendants are directed to either file their answer or granted leave to file motion to dismiss with following briefing schedule: moving papers to be served May 14, 2014; opposition to be served June 16, 2014; and reply to be served June 30, 2014." Docket Sheet, Minute Entry for 3/14/2014.

[3]The initial conference had originally been scheduled for April 1, 2014. See Docket ## 17, 19.

# DISCUSSION

## I. Standard of Review

Federal Rule of Civil Procedure 15(a) requires that a district court employ a liberal standard when considering a motion to amend. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The Supreme Court has expounded upon Rule 15(a)'s liberality by suggesting that it is preferential for a plaintiff to be "afforded an opportunity to test his [or her] claims on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). In Foman, the Supreme Court counseled that the textual directive of the Rule should be followed absent a showing of "undue delay, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." Id. The decision to grant or deny a motion to amend rests within the sound discretion of the district court. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

"The rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Prejudice to the nonmoving party may arise when the proposed amendment causes the nonmoving party to "expend significant additional resources to conduct discovery and prepare for trial," or when the proposed amendment causes significant delay to the disposition of the original claim or claims. Id. Delay alone, however, is an insufficient justification for the denial of a motion to amend. Id. The degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party. See, e.g., GEM Global Yield Fund

3

Ltd. v. SurgiLight, Inc., 04 Civ. 4451, 2006 WL 2389345, at *11 (S.D.N.Y. Aug. 17, 2006) (summarizing impact of motion to amend based upon timing of motion during litigation). Application of these timing principles, however, does not always result in the denial of a motion to amend, especially when it appears advantageous, efficient, and economical to resolve similar disputes in a single proceeding. Id. (highlighting value of resolving all disputes "in one litigation").

## II.  Application of Legal Standard

The proposed Second Amended Complaint seeks to add Thomas Langhorn as a named Plaintiff and makes other modest changes and additions to some of the allegations. See Rainone Decl. Ex. C. Defendants argue that Plaintiffs have delayed "nearly six months in filing their motion to amend for Plaintiffs' stated purpose of adding Langhorn as a fourth named plaintiff." Mem. of Law in Opp. at 8. Defendants further argue that, despite knowing about Langhorn since December, 2013, "Plaintiffs chose to wait nearly six months, which have been full of costly litigation, to seek the addition of Langhorn as a named Plaintiff," and Plaintiffs "missed the Court's deadline of March 15, 2014 to add new parties by over two months" without "provid[ing] a satisfactory explanation for their delay." Id.

As set forth above, delay alone does not justify the denial of a motion for leave to amend. Block, 988 F.2d at 350. In addition, given the March 15, 2014, deadline set by the Court for the joinder of additional parties and the amendment of pleadings, it is of no moment that Plaintiffs did not seek to join Langhorn as a named Plaintiff or otherwise amend their pleadings prior to that date. Furthermore, the timing of Plaintiffs' motion for leave to amend was set by the Court at the April 23, 2014, conference. The Court will not deny Plaintiffs' motion for leave to amend simply because they missed the March 15 deadline, when the issue of adding Langhorn as a

named Plaintiff was raised a few weeks later at the April 23 conference.[4]

In addition, Defendants contend that Plaintiffs seek to make "vast substantive revisions that far exceed merely adding Langhorn as a named Plaintiff," pointing specifically to paragraphs 39, 42-44, and 50 of the proposed Second Amended Complaint. Mem. of Law in Opp. at 8. Simply put, the Court has reviewed the proposed Second Amended Complaint and finds that Defendants are overstating the case when they claim that these proposed amendments are "vast substantive revisions." Rather, as Plaintiffs state, "Plaintiffs' proposed amendment supplements the factual allegations with additional factual specificity in support of their claims." Pls.' Reply Mem. of Law at 3. Moreover, as with the addition of Langhorn as a named Plaintiff, the minimal delay in seeking these amendments does not justify denial of the motion.

Defendants also argue that they would be prejudiced if Langhorn were added as a named Plaintiff since the parties "have engaged in extensive and costly litigation during the past six months, with Defendants' litigation strategy tailored to the three named Plaintiffs at this precertification stage." Id. at 11. Defendants state that, in contrast, denial of the proposed amendment "would cause no prejudice to the three named Plaintiffs, Langhorn, or the proposed

---

[4] Plaintiffs cite legal support for their contention that "after Plaintiff Langhorn filed his consent to sue, Plaintiffs' counsel reasonably understood Mr. Langhorn had perfected all of his rights and responsibilities as a party plaintiff in December 2013, and did not believe that it was necessary to amend the complaint to include him as a named Plaintiff." Pls.' Reply Mem. of Law (Docket # 33) at 2 (quoting Vassallo v. Constructamax, Inc., 10-CV-5323 (ENV), 2011 U.S. Dist. LEXIS 48248, at *5 (E.D.N.Y. May 5, 2011) ("Once an individual consents to opt-in, however, the named plaintiffs no longer act on his [or her] behalf; rather, the individual himself [or herself] becomes a named plaintiff to the action, and is subject to party discovery." [citations omitted])). Thus, Plaintiffs had a good faith basis for their belief that the complaint did not need to be amended to add Langhorn as a named Plaintiff, and the Court finds that Plaintiffs' delay in seeking to do so is excusable. In any event, the question of whether under the FLSA Langhorn should or should not have been added as a named Plaintiff in order for him to participate in discovery is not relevant to the Court's determination of whether or not to grant Plaintiffs' motion for leave to amend.

class or collective members" since "if a collective action is certified and notice is issued, Langhorn can then opt in and be entitled to any and all relief secured by Plaintiffs." Id. Defendants claim, without explanation, that "for the Court to fix Plaintiffs' tactical error for them now would unfairly expose Defendants to at least an additional six months of wage liability if Plaintiffs succeed in their case." Id. (emphasis in original).

The prejudice to Defendants is unclear, however, in light of the fact that the Rule 16 Order gave the parties until March 15, 2014, to join additional parties or amend their pleadings. Additional discovery or change in litigation strategy occasioned by such joinder or amendment was therefore an open possibility just weeks prior to the April 23 conference at which the Court set a briefing schedule for the instant motion. Moreover, the deadline for the completion of discovery in this action is not until November 15, 2014, and therefore, there is no prejudice based on the timing of this motion.

Finally, because the Court finds that there has been no showing of undue delay or prejudice, the Court declines to award Defendants their attorneys' fees and costs under 28 U.S.C. § 1927, as requested in their opposition papers. See Mem. of Law in Opp. at 11-13. In any event, the imposition of a sanction under 28 U.S.C. § 1927 "requires a showing of bad faith on the part of the attorney." Herzlinger v. Nichter, No. 09 Civ. 00192, 2011 WL 4585251, at *3 (S.D.N.Y. Sept. 8, 2011) (citations omitted), adopted by, 2011 WL 4575126 (S.D.N.Y. Oct. 3, 2011). Defendants have made no showing of bad faith on the part of Plaintiffs' counsel, and the Court finds no basis to conclude that Plaintiffs' counsel has acted in bad faith in seeking the proposed amendment of the complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend their Complaint (Docket # 26) is granted. Plaintiffs are directed to serve and file the Second Amended Complaint within seven (7) days of the date hereof.

Dated: May 21, 2014
       White Plains, New York

SO ORDERED,

*Lisa Margaret Smith*
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York