# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS LANGHORN, JOSEPH MAIARO, ALEX GANOT, and RAYMOND COLLAZO on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ALARM SPECIALISTS, INC. and GARY DAVIS<br>Defendants. | SECOND AMENDED COMPLAINT<br><br>CIVIL ACTION No. NO.: 13-CV-8658 (NSR)(LMS)<br><br>FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

1. Plaintiffs Thomas Langhorn, Joseph Maiaro, Alex GrantGanot, and Raymond Collazo, on behalf of themselves and all other employees similarly situated, by and through undersigned counsel, allege as follows:

**JURISDICTION AND VENUE**

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA", the "Act"). Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the New York state law claims, as they are so related to claims which the Court has original jurisdiction over that they form part of the same case or controversy under Article III of the United States Constitution.

3. Defendants comprise a covered enterprise engaged in commerce pursuant to section 203(s)(1) of the Act.

1

4. Defendants are subject to personal jurisdiction in New York.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy.

6. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to claims in this Complaint took place in this District.

## THE PARTIES

7. Defendant Alarm Specialists, Inc. ("ASI") is a corporation organized and existing under the laws of New York.

8. Defendant ASI's gross revenue each year exceeds $500,000.

9. Defendants employ two or more employees who handle tools and supplies and work on goods and materials that ~~originated outside New York State and~~ have been moved across state borders in commerce.

10. Defendants comprise an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

11. At all relevant times, Defendant ASI exercised comprehensive control over the Plaintiffs' and the other class and collective members' employment including by controlling the manner in which they were compensated, supervising their employment, and having authority to hire and fire them.

12. At all relevant times, Defendant ASI was an employer of Plaintiffs' and other class and collective members.

13. Defendant Gary Davis is the principal owner and shareholder of ASI.

14. Defendant Gary Davis actively controls and manages ASI's day to day business operations, directs the work of ASI's employees, and is an individual employer of Plaintiffs and those similarly situated.

15. Defendant Gary Davis exercises comprehensive control over the Plaintiffs' and the other class and collective members' employment, including by setting work schedules and pay rates, controlling the manner in which they were compensated, supervising their employment, and having authority to hire and fire them.

16. Plaintiffs Thomas Langhorn, Joseph Maiaro, Alex ~~Grant~~Ganot, and Raymond Collazo, (collectively "Plaintiffs") ~~were, at all time relevant to the complaint,~~have been Defendants' "employees" since December 5, 2007 within the meaning the FLSA and applicable New York state law.

17. Plaintiff Thomas Langhorn worked as a service and repair technician and installer of alarm systems for Defendants for over six years, from 2005 to 2013.

~~17.~~18. Plaintiff Joseph Maiaro worked as a service and repair technician and installer of alarm systems for Defendants for over six years, from 2005 to 2013.

~~18.~~19. Plaintiff Alex ~~Grant~~Ganot worked as a service and repair technician and installer of alarm systems for Defendants for over six years, from 2007 to May 2013.

~~19.~~20. Plaintiff Raymond Collazo worked as a service and repair technician and installer of alarm systems for Defendants for over three years, from 2010 to 2013.

~~20.~~21. Plaintiffs worked, on the average, 60 hours a week without receiving overtime pay for weekly hours worked in excess of forty.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

3

21.22. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all service and repair technicians and installers of alarm systems ("Technicians") who worked for the Defendants since December 5, 2010, which is within three years before December 5, 2013, the filing of this date the complaint was filed, or such prior date as set by the Court due to the tolling of claims ("FLSA Collective PlaintiffsTechnicians").

22.23. Defendants failed to pay Plaintiffs and all other FLSA Collective PlaintiffsTechnicians an overtime premium wage rate for weekly hours worked in excess of forty.

24. Defendants paid Plaintiffs and all other FLSA Technicians a base hourly straight time rate for all weekly hours worked over forty.

23.25. At all relevant times, Plaintiffs and all other FLSA Collective PlaintiffsTechnicians are and have been similarly situated, as they have performedall perform substantially similar job duties underand are all subject to Defendants' substantially similarfailure to pay practices.overtime at time and one-half their regular rate.

24.26. Plaintiffs and the other FLSA Collective PlaintiffsTechnicians have been subject to Defendants' common wage and hour policies, decisions, practices, procedures, protocols, routines, and rules of employment designed to willfully falsify Defendants' payroll records by understating the daily and weekly hours Technicians actually worked. Similarly, Defendants failed and refused to accurately record Technician's actual hours of work.

27. Defendants' intentionally falsified their time records to report fewer hours worked than the number of hours FLSA Technicians actually worked. It was Defendants' intention to falsify their payroll records by deliberately understating the daily and weekly number of hours


FLSA Technicians actually worked to evade the overtime requirements of law. Defendants recklessly failed and refused to accurately record Technician's actual hours of overtime work.

25.28. Plaintiffs and the other FLSA ~~Collective Plaintiffs~~Technicians have been subject to Defendants' common policies, decisions, practices, procedures, protocols, routines, and rules of employment designed to prevent FLSA Technicians from receiving at least one-and-one-half times their regular rate for work in excess of forty (40) hours per workweek. The ~~claims of~~ Plaintiffs ~~stated herein~~ are ~~essentially the same as those of~~similarly situated to all the other FLSA ~~Collective Plaintiffs~~Technicians.

26.29. At all relevant times, ~~Defendants'~~Defendants have been, and continue to be, an "enterprise" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. Pursuant to the Act's enterprise coverage provisions, all of Defendants' employees, including all FLSA Technicians, are covered by the ~~Fair Labor Standards~~record keeping and overtime requirements of the Act.

27.30. At all relevant times, Defendants have employed two or more ~~"employee[s]",~~employees who handle tools and supplies and work on goods ~~and~~or materials that have been moved in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203~~, including Plaintiffs and each of the~~. FLSA ~~Collective Plaintiffs~~Technicians routinely use tools, handle goods and work with materials that have crossed at least one state border in interstate commerce.

**CLASS ALLEGATIONS**

28.31. Plaintiffs bring the state law causes of action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all ~~Technicians~~service and repair technicians and installers of alarm systems who currently work or who have worked for ASI in New York since December 5, 2007, the date within six years before the filing of ~~this~~the complaint~~, or such prior~~

~~date as set by the Court due to the tolling of claims~~ in this action on December 5, 2013, to the date of final judgment in this matter (the "Class").

~~29.~~32. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the control of Defendants, upon information and belief, there are significantly more than forty (40) members in the Class.

~~30.~~33. Defendants wage and hour violations are applicable to the Class, thereby making appropriate final injunctive relief or declaratory relief with respect to the Class as a whole.

~~31.~~34. The state law causes of action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) whether Defendants ~~falsified~~were required to pay Plaintiffs and Class Members overtime wage rates at time and one-half their regular rates for weekly hours worked over forty;

(b) whether Defendants were required to pay Plaintiffs and Class Members prevailing wage rates when they worked on public work sites;

~~(a)~~(c) whether Defendants implemented a common policy to falsify payroll records to show fewer than the actual number of hours Plaintiffs and Class members worked, in violation of New York Labor Law ("NYLL"), Articles 6 and 19, and the supporting New York State Department of Labor regulations;

~~(b)~~(d) whether Defendants' falsification of payroll records was designed to hide the Defendants' failure to pay Plaintiffs and the Class members overtime pay for hours worked in excess of 40 hours per workweek;

~~(c)~~(e) whether Defendants only paid straight time rates for overtime hours Plaintiffs and class members worked;

~~(d)~~(f) whether Defendants owe Plaintiffs and the Class, back wages at statutory wage rates required by the NYLL;

(e)(g)  whether Defendants failed to furnish Plaintiffs and the Class with accurate statements of wages, hours worked, rates paid, and gross wages as required by the NYLL;

(f)(h)  whether Defendants are required to pay Plaintiffs and class members "prevailing wage" rates, including overtime at "prevailing wage" rates for their work on public projects pursuant to ~~government~~ contracts with public entities;

(g)(i)  whether Defendants' record keeping, overtime pay, prevailing wage rate and other wage and hour violations were willful; and

(h)(j)  ~~the nature and extent of class-wide injury and~~ the method of calculating back wages, damages, penalties and interest for ~~those injuries~~Defendants' violations.

32.35.  Throughout their entire employment, Plaintiffs and the members of the Class have been subject to Defendants' policy and pattern or practice of failing to pay them overtime and/or prevailing wage.  Plaintiffs and all Class members are protected by the same statutory rights under the NYLL to be paid for all hours worked, and to be paid overtime wages, at lawful rates. Plaintiffs and the members of the Class all have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the members of the Class all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies and employment practices.

33.36.  Defendants acted and refused to act on grounds applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

34.37.  Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs understand that, as the class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately.  Plaintiffs recognize that as the class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Class.  Plaintiffs recognize that any resolution of a class action lawsuit, including

7

any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify in a deposition and trial.

~~35.~~38. Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

~~36.~~39. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. ~~Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class~~Class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**FACTS**

~~37.~~40. Plaintiffs, FLSA ~~Collective Plaintiffs~~Technicians, and the Class ~~Members~~("Technicians") shared common job duties – performing installation, repair, maintenance and servicing of fire and security alarm systems for Defendants' customers.

~~38.~~41. ~~Plaintiffs, FLSA Collective Plaintiffs, and the Class Members~~Technicians are Defendants' employees.

~~39.~~42. ~~Plaintiffs~~Technicians regularly ~~handled~~handle cameras, fire alarm equipment,

8

replacement parts and new supplies for burglar alarm and card access systems ~~supplied~~sold to Defendants ~~from~~by vendors located outside New York State. Defendants regularly use the internet to purchase goods and material ~~and equipment~~ from ADI, a national distributor of ~~national and international goods, and Geovision, located in Illinois~~electronic goods.

~~40.~~43. Defendants' employees regularly handle payroll documents from Total Team Solutions, located in Connecticut, and camera equipment from Geovision, located in Illinois.

~~41.~~44. ~~Plaintiffs'~~Defendants' employees regularly drive ~~to Defendants' customers' locations using~~ vehicles and use fuel ~~originating~~that originated outside New York ~~State~~and crossed into New York in commerce.

~~42.~~45. Plaintiffs, FLSA ~~Collective Plaintiffs~~Technicians and Class Members regularly worked an average of 60 hours a week ~~and~~but were only paid straight time pay for all hours worked, with no overtime premium paid ~~for~~ an average of 20 weekly overtime hours worked since 2006.

~~43.~~46. At all times hereinafter mentioned, Plaintiffs, FLSA ~~Collective Plaintiffs~~Technicians and Class Members were required to be paid overtime pay at the statutory rate of time and one-half (1 and ½) times their regular hourly rate after they worked forty (40) hours in a workweek.

~~44.~~47. Plaintiffs, FLSA ~~Collective Plaintiffs~~Technicians and Class Members were paid straight time ~~pay on a check, and received straight pay~~ for all hours ~~over 40 in a~~worked each week. Pay for weekly hours worked over 40 ~~in a week~~ was ~~paid~~calculated at straight rates, but falsely reported on Defendants' pay checks as "reimbursed business expenses".

~~45.~~48. The exact number of overtime hours worked ~~for~~by Plaintiffs, FLSA ~~Collective Plaintiffs~~Technicians and Class Members can be determined upon an audit of Defendants'

9

payroll records, work orders, job tickets and expense reimbursement forms which are not within Plaintiffs' possession or control.

46.49. The corporate Defendant entered into contractsDefendants contracted with public entities including the County of Rockland and school districts, hospitals and other public agencies within Westchester County to install, repair service and maintain fire and security alarms in public schools, county buildings, and publically owned facilities ("public service contracts"). These public service contracts specify that employees must be paid New York labor law requires employers to pay "prevailing wages" and supplemental benefits as set forth within the public service contracts.

50. During the course of their employment Plaintiffs, FLSA Technicians and Class members worked on, *inter alia,* the following work sites for Defendants: Ridgeway Elementary School, George Washington Elementary School, Highlands Middle School, White Plains High School, Post Road Elementary School, Eastview Middle School, Mamaroneck Avenue Middle School and Church Street Elementary School, White Plains Board of Education, Rochambeau, White Plains School District's Facilities Office, SUNY Rockland, Rockland Community College, Doctor Yeager Health Center and Rockland Hospital, Somers High School, Somers Middle School, Blind Brook Middle and High Schools, Ridge Street Elementary School, Rye Schools, Pawling High School, Woodlands High School, Bailey School, Greenburgh Schools, Rockland County Courthouse and Rockland County Administration Building, White Plaints YWCA, Rockland County Central Fire Command and Rockland County Department of Transportation.

47.51. Defendants failed to pay Plaintiffs FLSA Technicians and Class Members prevailing wages or any, supplemental benefits, daily overtime, or weekly overtime for work

10

performed on any of the ~~projects~~work sites identified above.

~~48.~~52. Defendants' public service contracts state that Technicians must be paid one and one-half (1 and ½) times their prevailing wage for each hour worked over eight (8) in one day and each hour worked on a Saturday. The contracts also require Technicians be paid double the prevailing wage for each hour worked on Sundays and Holidays.

~~49.~~53. Plaintiffs ~~and~~, Class ~~Members~~and FLSA Technicians regularly worked on all of Defendants' ~~accounts, including~~customers' work-sites, both ~~publicly financed projects~~public and private ~~projects~~residential, commercial and industrial sites.

~~50.~~54. Defendants failed to post required wage and hour posters in Plaintiffs' place of work.

~~51.~~55. Defendants' violations of the record keeping, notice, prevailing wage and overtime requirements of law have been willful ~~in that Defendants recklessly disregarded~~. Defendants' record keeping and wage violations were intentional and deliberate, or in reckless disregard of their legal obligations.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**On behalf of Plaintiffs and the FLSA ~~Collective Plaintiffs~~Technicians)**

~~52.~~56. Plaintiffs, on behalf of themselves and all ~~Collective Action Members~~FLSA Technicians, re-allege and incorporate by reference the previous paragraphs as if they were set forth again herein.

~~53.~~57. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

54.58. As Technicians, Plaintiffs and the other FLSA Collective PlaintiffsTechnicians regularly worked an average of twenty weekly overtime hours in excess of forty (40)regular hours perworked each workweek.

55.59. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 et seq., and supporting federal regulations apply to Defendants and protect Plaintiffs and the FLSA Collective membersTechnicians.

56.60. At all relevant times, Defendants willfully and repeatedly failed to pay Plaintiffs and the other FLSA Collective PlaintiffsTechnicians at least one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek.

57.61. Plaintiffs, on behalf of themselves and the other FLSA Collective PlaintiffsTechnicians, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for back wage violations, pre-and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Overtime Violations, New York Labor Law § 650 *et seq*. and 12 NYCRR § 142-2.2)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

58.62. Plaintiffs, on behalf of themselves and other Class members, re-allege and incorporate by reference all allegations in all preceding paragraphs.

59.63. Plaintiffs and other Class members regularly worked an average of twenty weekly overtime hours in excess of 40forty regular hours per workweek.

60.64. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Class members at least one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek.

61.65. At all relevant times, Defendants ~~have operated under common policies, plans and practices~~required adherence to a uniform policy of willfully failing to pay Plaintiffs and Class members~~, including Plaintiff,~~ at least one-and-one-half times their regular rate for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by New York law, including 12 NYCRR § 142-2.6.

62.66. Plaintiffs and the other Class members seek damages in the amount of their respective unpaid overtime compensation, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**New York Labor Law Article 6 – Wage Theft Prevention Act Violations**
**On behalf of Plaintiffs and the Class**

63.67. Plaintiffs, on behalf of ~~himself~~themselves and other Class members, re-allege and incorporate by reference all allegations in all preceding paragraphs.

64.68. Defendants have willfully failed to supply Plaintiffs and the members of the Class notice as required by NYLL Article 6, § 195, in English or the language identified by Plaintiffs and the members of the Class as their primary language, containing Plaintiffs and the Class members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wages, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer, and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

69. Defendants have willfully failed to supply Plaintiffs and ~~the~~Class members ~~of the Class~~ with an accurate statement of wages as required by NYLL Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer, rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

~~65.~~

~~66.~~70. Due to Defendants' violation of the NYLL, Plaintiffs and the Class members are each entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars each, as provided for by NYLL Article 6, § 198(1)-d, fifty dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars each, as provided for by NYLL Article 6, § 198(1)-b, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**~~THIRD~~FOURTH CAUSE OF ACTION**
**(Breach of Contract – 3rd Party Beneficiary**
**On behalf of Plaintiffs and the Class)**

~~67.~~71. Plaintiffs, on behalf of ~~himself~~themselves and other Class members, re-allege and incorporate by reference all allegations in all preceding paragraphs.

~~68.~~72. ~~Upon information and belief, Alarm Specialists~~ Defendants entered into written public service contracts ("contracts") with various municipalities and public agencies, including the County of Rockland. ~~The municipal~~These contracts ~~contained reference~~required adherence to

14

the payment of New York Labor Law Article 8, § 220 which requires Defendants to pay prevailing wages and/or. Contracts incorporated by wage determinations and schedules of prevailing rates of wages and supplemental benefits were made part of the Municipal Contracts required by public agencies for the benefit of Plaintiffs.

69.73. Defendants breached the Municipal Contracts these contracts by paying Plaintiffs rates less than the prevailing wages and supplemental benefits required for all labor performed upon the publicly finances worksites pursuant to public service contracts. This cause of action is maintainable under CPLR § 901.

74. By reason of its breach of Municipal contracts, Defendants are liable to Plaintiffs for payment of wages at the legally required prevailing wage rates, plus supplemental benefits, for each hour worked on public projects, less amounts already paid to be determined at trial, plus interest, costs and attorney's fees.

70.

## DEMAND FOR RELIEF

71.75. WHEREFORE, Plaintiffs claim:

    a. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

    b. Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

    c. Designation of Plaintiffs as Class Representatives;

    d. A declaratory judgment that the practices complained of herein are unlawful pursuant to the NYLL and under appropriate state law;

    e. Unpaid overtime wages under the Fair Labor Standards Act and the NYLL;

    f. Spread of hours pay under the NYLL;

g. Unpaid prevailing wages required by Section 220 of the NYLL and under Article 9 of the NYCPLR;

h. Liquidated damages under the Fair Labor Standards Act and the NYLL;

i. Appropriate statutory penalties;

j. Restitution; of unpaid earned wages;

k. Pre-Judgment and Post-Judgment interest, as provided by law;

l. Attorneys' fees and costs under the Fair Labor Standards Act and the NYLL; and

~~m.~~ Such other injunctive and equitable relief as the Court may deem just and proper.

**~~JURY DEMAND~~**

~~Plaintiffs demand a trial by jury.~~

Dated: ~~March 19~~May 7, 2014
New York, NY

                              Respectfully submitted,

                              _____*/s/Douglas Weiner*___
**JOSEPH & KIRSCHENBAUM LLP**
Douglas Weiner
Matthew Kadushin
D. Maimon Kirschenbaum
233 Broadway, 5th Floor
New York, NY 10279
Telephone: (212) 688-5640
Facsimile: (212) 688-2548

*Attorneys for Plaintiffs and members of the Putative Class and Collective*