UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                  :
JOSEPH MAIARO, ALEX GANOT, and                    :
RAYMOND COLLAZO on behalf of themselves           :
and all others similarly situated,                :
                                                  :
                              Plaintiffs,         :        13-cv-08658 (NSR)
            -against-                             :        OPINION & ORDER
                                                  :
ALARM SPECIALISTS, INC. and GARY DAVIS,           :
                                                  :
                              Defendants.         :
------------------------------------------------------------ X

NELSON S. ROMÁN, United States District Judge

  Joseph Maiaro, Alex Ganot, and Raymond Collazo (collectively, "Plaintiffs") brought

this action on behalf of themselves and all others similarly situated against Alarm Specialists,

Inc. and Gary Davis (collectively, "Defendants") for alleged failure to pay overtime wages and

supply required notices and statements under the Fair Labor Standards Act and New York law.

On March 14, 2014, the Court referred the action to Magistrate Judge Lisa Margaret Smith for

general pretrial purposes. Now before the Court are Defendants' objections to Judge Smith's

Decision and Order dated May 21, 2014 (ECF No. 34) (the "May Order") granting Plaintiffs'

motion for leave to further amend their Amended Complaint. For the following reasons,

Defendants' objections to the May Order are OVERRULED and the May Order is AFFIRMED.

## PROCEDURAL BACKGROUND

  Plaintiffs initiated this action on December 5, 2013. (*See* Compl., ECF No. 1.) On

December 11, 2013, nonparty Thomas Langhorn, a former employee of Defendant Alarm

Specialists, Inc., filed an FLSA consent-to-sue form. (*See* Consent to Sue Under the FLSA, ECF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/16/2014

No. 2.)  On March 19, 2014, Plaintiffs filed an Amended Complaint with leave of the Court.

(*See* Am. Compl., ECF No. 18.)  On April 23, 2014, the parties appeared before Judge Smith for

a status conference, during which Plaintiffs requested that the Court order Defendants to produce

Mr. Langhorn's employment records and related discovery.  (*See* Decl. Anthony M. Rainone,

Ex. A at 5-6, ECF No. 42.)  Judge Smith denied Plaintiffs' request because Mr. Langhorn was

not a named plaintiff, nor would Judge Smith deem him a plaintiff.  (*See id.* at 12.)  Plaintiffs

then asked the Court for leave to further amend their Amended Complaint to add Mr. Langhorn

as a plaintiff, which would permit discovery of his employment records.  (*See id.* at 23-24.)

While Judge Smith would not rule from the bench on Plaintiffs' request for leave to amend,

Judge Smith set a briefing schedule for Plaintiffs to file a motion.  (*See id.*)  Plaintiffs filed the

motion on May 9, 2014, attaching their proposed Second Amended Complaint (*see* ECF Nos.

26-27), and Judge Smith granted the motion on May 21, 2014, *see* May Order.  Plaintiffs filed

the Second Amended Complaint on May 27, 2014.  (*See* Second Am. Compl., ECF No. 36.)

## STANDARD OF REVIEW

While magistrate judges' decisions on dispositive matters are reviewed *de novo*,

nondispositive decisions may be reversed only if they are "clearly erroneous or contrary to law."

28 U.S.C. § 636; Fed. R. Civ. P. 72; *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).

The Second Circuit has indicated that a motion granting leave to amend a complaint is

considered nondispositive.  *See Fielding*, 510 F.3d at 178 ("[A] district judge may refer

nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for

decision . . . .").[1]  The weight of authority from courts within the Second Circuit is in accord.

---

[1]     Furthermore, in an unpublished opinion, the Second Circuit has characterized a motion to amend as
nondispositive and applied the clear error standard.  *Kilcullen v. N.Y. State Dep't of Transp.*, 55 F. App'x 583, 584-
85 (2d Cir. 2003) (summary order).

*Bridgeport Music Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 410 (S.D.N.Y. 2008). Clear error review is especially justified where, as here, the motion to amend was granted. *Id.* at 410 ("[T]he prevailing view [that motions to amend are nondispositive] should apply with greater force to a Magistrate Judge's granting a motion to amend a complaint."); *cf. Wilson v. City of New York*, No. 06 Civ 219(ARR)(VVP), 2008 WL 1909212, at *4 (E.D.N.Y. Apr. 30, 2008) (collecting cases and explaining that some courts in the Second Circuit have held that a denial of a motion to amend may be dispositive if it "foreclose[s] potential claims").

Defendants argue that the May Order should be considered dispositive because it "allowed the claim of a new plaintiff to relate back to the initial filing date of the Complaint, . . . implicat[ing] the statute of limitations for that claim." (Defs.' Mem. Law at 2, ECF No. 43.)  But even if that were a valid objection in principle, which is unclear, it is inapplicable here because the relation-back issue was neither presented to nor decided by Judge Smith on the motion for leave to amend, nor is the issue properly before this Court.  Accordingly, the Court concludes that the highly deferential clear error standard applies to the May Order.

An order is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442(SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal quotation marks omitted).

## DISCUSSION

A party may amend a pleading at any time with leave of the court. Fed. R. Civ. P. 15(a)(2).  A court should grant leave to amend "when justice so requires." *Id.*  In *Foman v. Davis*, the Supreme Court explained that leave should be "freely given" unless there is "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. 178, 183 (1962).

In their motion for leave to amend, Plaintiffs proposed the following changes to their Amended Complaint: (1) to add Thomas Langhorn as a named plaintiff, and (2) to revise certain of the factual allegations, as reflected in the redline comparison submitted in connection with Defendants' briefings. (*See* Decl. Douglas Weiner, Ex. B, ECF No. 45-1.) Defendants argue that Judge Smith should have denied leave to amend, or that if leave to amend was proper, should have ordered Plaintiffs to pay Defendants' attorney's fees and costs. (Defs.' Mem. Law, ECF No. 43; Defs.' Reply Mem. Law, ECF No. 41.)

## I.   Judge Smith's Decision to Grant Leave to Amend to Add Thomas Langhorn as a Named Plaintiff Was Not Clearly Erroneous or Contrary to Law.

Judge Smith's decision to grant leave to amend to add Mr. Langhorn as a plaintiff was not clearly erroneous or contrary to law because any delay on the part of Plaintiffs was not in bad faith and did not prejudice Defendants.

Defendants have not shown that Plaintiffs' delay was motivated by bad faith. Plaintiffs had until March 15, 2014 to join additional parties and/or file amended pleadings. (*See* Civil Case Disc. Plan & Sched. Order, ECF No. 14.) Therefore, any "delay" prior to March 15 was wholly justified.[2] After March 15, 2014, Plaintiffs delayed only five weeks before seeking to

---

[2]   Defendants misinterpret the May Order as disregarding Plaintiffs' failure to meet the March 15, 2014 deadline. (Defs.' Mem. Law at 12, ECF No. 43 ("C. The Magistrate Judge Wrongly Concluded That Plaintiffs' Failure To Meet The Deadline To Add Parties Was Irrelevant To The Court's Decision. The Magistrate found that 'it is of no moment that Plaintiffs did not seek to join Langhorn as a named Plaintiff or otherwise amend their pleadings prior to . . .' the March 15 deadline imposed by the District Judge to do so.").) Despite Defendants' selective quotation, the May Order simply found that denial of leave is not warranted by Plaintiffs' failure to add Mr. Langhorn in the initial complaint or when Mr. Langhorn filed his consent-to-sue form in December 2013, because Plaintiffs had until March 15, 2014 to do so.

   Nor is this an instance of, as Defendants contend, "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. Plaintiffs have amended their complaint only once before. One

4

add Mr. Langhorn as a party (at the April 23, 2014 court conference).  This period of delay was also justified—Plaintiffs believed that Mr. Langhorn had already obtained all the rights of a party-plaintiff by filing a consent-to-sue form.  (*See* Decl. Anthony M. Rainone, Ex. A at 6-9, ECF No. 42.)  Judge Smith found that Plaintiffs had a good-faith basis for this belief, *see* May Order at 5 n.4, and that finding was not clearly erroneous given the case law Plaintiffs cited.[3]

Defendants strenuously assert that Plaintiffs should be penalized because they "got the law wrong" and made a misguided "tactical" choice.  (Defs.' Reply Mem. Law at 9, ECF No. 41 ("[N]owhere in Rule 15's liberal amendment standard does it permit amendments because a party got the law wrong.").)  But while a plaintiff should not seek leave to amend "solely to gain a tactical advantage," *Oneida Indian Nation of N.Y. State v. Cnty. of Oneida*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000), Defendants do not explain what tactical advantage Plaintiffs sought to gain (*see* Defs.' Mem. Law at 11, ECF No. 43).  "[T]here must be something more than . . . inadvertence" to warrant denial of leave to amend.  *Primetime 24 Joint Venture v. DirecTV, Inc.*, 99 CIV. 3307 (RMB) (MHD), 2000 WL 426396, at *5 (S.D.N.Y. Apr. 20, 2000); *see also Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (granting leave to amend even though "plaintiff's excuse for delaying so long before seeking leave to amend his complaint appears so frivolous as almost to suggest bad faith").  Defendants forget that Rule 15 "rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome . . . ."  *Foman*, 371 U.S. at 181-82.  Accordingly, Defendants have not shown bad faith.

---

failure is not "repeated failures."  As described below, Plaintiffs had a good-faith basis to believe that they did not need to add Mr. Langhorn as a plaintiff when they amended their complaint the first time.

[3]      Plaintiffs have submitted supplemental authorities standing purportedly for the proposition that opt-in plaintiffs may become party-plaintiffs by filing consent-to-sue forms.  (*See* ECF Nos. 46-47.)  While this issue need not be decided in order to rule on Defendants' objections, the supplemental authorities bolster the conclusion that Judge Smith's finding of a good-faith basis was not clearly erroneous.

Nor Defendants shown prejudice.  Defendants' only argument as to prejudice is that permitting Mr. Langhorn's claims to relate back to the date of the initial filing exposes them to an additional six months of liability as to Mr. Langhorn.  (*See id.* at 13-14.)  But increased potential liability is "not the type of prejudice that warrant[s] denial of leave to amend the complaint."  *In re Osage Exploration Co.*, 104 F.R.D. 45, 49 (S.D.N.Y. 1984); *see also In re Nasdaq Market-Makers Antitrust Litig.*, No. 94 CIV. 3996(RWS), 1997 WL 805062, at *7 (S.D.N.Y. Dec. 3, 1997) ("The issue, rather, is legal prejudice, not the magnitude of the Defendant's potential liability."); *Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 677 (S.D.N.Y. 1996) (rejecting the argument that leave should be denied because permitting the amendment would expose nonmovants to joint and several liability in addition to claims for contribution).

Absent bad faith or prejudice, "mere delay is not, of itself, sufficient to justify denial" of leave to amend.  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (internal quotation marks omitted); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.2 (2d Cir. 1987); *Pasternack v. Lab. Corp. of Am.*, 892 F. Supp. 2d 540, 550 (S.D.N.Y. 2012); *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 232 F.R.D. 169, 171 (S.D.N.Y. 2004).  In an attempted end-run around this well-established principle, Defendants argue that "any case from the Second Circuit that holds *delay alone* is an insufficient basis to deny leave to amend would be against clear U.S. Supreme Court precedent that *undue delay* is a valid ground on which to deny leave to amend."  (Defs.' Mem. Law at 11, ECF No. 43 (emphasis added).)  "Undue delay" is quite different from "delay alone."  Defendants, perhaps inadvertently, even quote a treatise that directly contradicts their position.  (*See* Defs.' Reply Mem. Law at 7, ECF No. 41

6

("[A]lthough *delay alone may not result in a denial of leave to amend . . . .*" (quoting 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1487 (3d Ed.) (emphasis added))).)

Accordingly, Judge Smith did not commit clear error by granting Plaintiffs leave to amend their Amended Complaint to add Mr. Langhorn as a named plaintiff.

## II.     Judge Smith's Decision to Grant Leave to Amend as to the Other Revisions Was Not Clearly Erroneous or Contrary to Law.

Judge Smith did not commit clear error by granting Plaintiffs leave to amend as to the other revisions reflected in the redline comparison.  (*See* Decl. Douglas Weiner, Ex. B, ECF No. 45-1.)  Defendants argue that the proposed changes represent "vast substantive revisions,"[4] and that by failing to include these "new allegations" in the first two versions of the complaint, "Plaintiffs' [*sic*] caused Defendants to incur the costs of filing pre-motion requests and attending a pre-motion conference and responding to two prior pleadings."  (Defs.' Mem. Law at 6, 10, ECF No. 43.)  Defendants further argue that these "new allegations all require Defendants to now investigate and respond to the allegations."  (*Id.* at 10.)

Defendants' arguments fall flat.  "The type of prejudice that warrants denial of leave to amend a complaint is usually such that it puts a defendant at an unfair disadvantage."  *Lawrence v. Starbucks Corp.*, 08 CIV. 3734 LTS/JCF, 2009 WL 4794247 (S.D.N.Y. Dec. 10, 2009) ("The adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant

---

[4]     Denial is not warranted merely because Plaintiff could have learned some of the information included in the proposed amendment before filing the initial complaint.  The authorities that Defendants cite on this point (Defs.' Reply Mem. Law at 7, ECF No. 41), are not nearly so broad.  Rather, those authorities address amendments that propose adding *claims* based on new operative facts that were known to the plaintiff at the time of the initial filing.  *E.g.*, *Priestly v. Am. Airlines, Inc.*, No. 89-8265, 1991 WL 64459 (S.D.N.Y. Apr. 12, 1991) ("Insofar as the proposed *claim* is not predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable." (emphasis added)); 6 Wright, Miller & Kane, *Federal Practice & Procedure Civ.* § 1487 (3d Ed.) ("[S]ome courts have held that leave may be withheld if the moving party knew the facts on which *the claim or defense sought to be added* were based at the time the original pleading was filed . . . ." (emphasis added)).  In contrast, the revisions proposed here merely lend greater factual specificity to the allegations; the claims and operative facts remain the same.

denial of a motion to amend a pleading."); *Osage*, 104 F.R.D. at 49.  But "time, effort, and money expended in litigation do not arise to the substantial prejudice that would justify denial of leave to amend."  *McGee v. Doe*, 568 F. App'x 32, 40 (2d Cir. 2014), *as amended* (July 2, 2014) (internal quotation marks omitted).

Here, the "prejudice" identified by Defendants—responding to pleadings that have since been amended, attending premotion conferences, and investigating new allegations—is not the "substantial prejudice" that justifies denial of leave to amend.  Discovery is ongoing.  Permitting the amendment will not hinder Defendants' opportunity to mount a defense, greatly increase the complexity of the case, or significantly delay trial.  Nor do Defendants argue that the changes represent an unfair, last-minute shift in Plaintiffs' theories or tactics.  As Judge Smith concluded, the proposed changes represent modest factual supplements.  May Order at 4.  Defendants, for example, complain that Plaintiffs added paragraph 50 to the Second Amended Complaint, which Defendants characterize as a "brand new allegation regarding Plaintiffs' work."  (Defs.' Mem. Law at 10, ECF No. 43.)  Paragraph 50, however, merely lists construction projects that Plaintiffs worked on, which clarifies the less specific allegation from an earlier version of the complaint that Plaintiffs worked on "all of Defendants' accounts, including both publicly financed projects and private projects."  (*Compare* Second Am. Compl. ¶ 50, ECF No. 36 *with* Am. Compl. ¶ 49, ECF No. 18.)  Defendants' claim that they are prejudiced by this greater specificity defies credulity.

### III.    Judge Smith's Denial of Attorney's Fees and Costs Was Not Clearly Erroneous or Contrary to Law.

Defendants further argue that even if Judge Smith's grant of leave to amend was proper, Judge Smith should have awarded Defendants their "reasonable attorneys' fees and costs incurred in responding to two prior complaints and conducting discovery on two prior

pleadings." (Defs.' Mem Law at 15, ECF No. 43.)  Whether to grant leave to amend is
"discretionary," and in exercising that discretion, the court may impose reasonable conditions,
such as costs.  *See Global Energy & Mgmt., LLC v. Xethanol Corp.*, No. 07 Civ. 11049(NRB),
2009 WL 464449, at *4 & n.8 (S.D.N.Y. Feb. 24, 2009); *Armstrong Pump, Inc. v. Hartman*, No.
10CV446S, 2012 WL 1795060, at *7 (W.D.N.Y. May 15, 2012).  For the reasons set forth in
Parts I and II, *supra*, Defendants have not shown that leave to amend would cause undue
prejudice to them, nor have they shown that Plaintiffs' delay was undue.  Accordingly, Judge
Smith's denial of attorney's fees and costs was not clearly erroneous or contrary to law.
Defendants' repeated, hyperbolic assertions to the effect that the amendment, which adds one
plaintiff and makes modest factual supplements, will require Defendants to "literally . . . start all
over again" have no basis in reality.  (Defs.' Reply Mem. Law at 15, ECF No. 41.)  The
authorities cited by Defendants in support of their arguments on this point are all both
nonbinding and distinguishable.

## CONCLUSION

For the foregoing reasons, Defendants' objections are OVERRULED and the May Order
is AFFIRMED.  The Court respectfully directs the Clerk to amend the caption of this case to
reflect the parties listed in the Second Amended Complaint (ECF No. 36).

Dated:  October 15, 2014          SO ORDERED:
        White Plains, New York

_____

NELSON S. ROMÁN
United States District Judge