**MEMORANDUM ENDORSEMENT**

<u>Maiaro, et al. v. Alarm Specialists, Inc., et al.</u>, 13 cv 8658 (NSR)

The briefing schedule for Defendants' motion to dismiss the Second Amended Complaint is as follows: moving papers to be served December 5, 2014; opposition to be served January 7, 2015; and reply to be served January 22, 2015. The parties are directed to file all motion documents on the reply date, January 22, 2015, and to provide 2 copies of all documents to chambers as the documents are served.   The Court Denies Defendants' request for a further stay of discovery.

Dated:   October 28, 2014
White Plains, NY

SO ORDERED.

_____
Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/2014

# BRACH | EICHLER LLC

Anthony M. Rainone
Direct Dial: 973-364-8372
Direct Fax: 973-618-5972
E-mail: arainone@bracheichler.com

October 23, 2014

**VIA FACSIMILE (914-390-4179)**

Hon. Nelson S. Roman
U.S. District Court for the Southern District of
New York
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

      Re:    **Maiaro, et al. v. Alarm Specialists, Inc., et al.**
             **Case No. 7:13-cv-8658-NSR**

Dear Judge Roman:

      This firm represents Defendants in the above referenced matter.

      The parties received the Court's October 15, 2014 Opinion and Order overruling Defendants' objections to the Magistrate Judge's May 21, 2014 Order. Defendants do <u>not</u> intend to move to reconsider under Fed. R. Civ. P. 59. Therefore, Pursuant to the terms of the Court's June 5, 2014 Order staying discovery and setting a briefing schedule on the objections to the Magistrate Judge's Opinion and Order, the parties are now awaiting a briefing schedule on the Defendants' motion to dismiss. That pre-motion request was made by letter dated May 30, 2014 and the motion was discussed on the record before Your Honor on June 5, 2014.

      It is Defendants' understanding of the Court's June 5, 2014 order that the stay of discovery would remain in effect through the Court's decision on the planned motion to dismiss. In talking to Plaintiffs' counsel today by email, Defendants were advised that Plaintiffs do not agree and believe that Defendants are required to seek another stay (and that Plaintiffs oppose any such request for another stay).

      If Defendants misunderstood the terms of the Court's prior stay order, Defendants respectfully request the Court extend the stay through the Court's decision on the planned motion to dismiss. Defendants' motion to dismiss will encompass all claims and causes of action and is based upon clear 2013 Second Circuit precedent on wage and hour cases. For the Court's convenience, I have attached hereto a copy of Defendants' May 30, 2014 pre-motion request letter setting forth the basis of the planned motion to dismiss.

BRACH | EICHLER LLC

Hon. Nelson S. Roman
October 23, 2014
Page 2

  If the Court would like the parties to appear for a conference on this issue, Defendants are available at the Court's convenience.

                Respectfully submitted,

                Anthony M. Rainone

cc:  Douglas Weiner, Esq. (via email)

BE:4659002.1/ALA021-266497

# BRACH | EICHLER LLC

Anthony M. Rainone
Direct Dial: 973-364-8372
Direct Fax: 973-618-5972
E-mail: arainone@bracheichler.com

May 30, 2014

**VIA FACSIMILE (914-390-4179)**

Hon. Nelson S. Roman
U.S. District Court for the Southern District of
New York
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

   Re: **Maiaro, et al. v. Alarm Specialists, Inc., et al.**
     **Case No. 7:13-cv-8658-NSR**

Dear Judge Roman:

  This firm represents Defendants in the above referenced matter. I write pursuant to Your Honor's Individual Rules, Section 3(A)(ii), to request a pre-motion conference to file two motions.[1] First, Defendants seek leave to file objections, pursuant to Fed. R. Civ. P. 72(a), to the May 21, 2014 order entered by the Hon. Lisa Margaret Smith granting Plaintiffs leave to file the Second Amended Complaint. Second, Defendants seek leave to file a motion to dismiss this action – either the Amended Complaint or, if the objections to be filed as set forth above are overruled, the Second Amended Complaint.

  In connection with the two motions set forth below, Defendants also respectfully request the Court immediately stay all discovery pending the Court's decision on the two motions. On May 23, 2014, Magistrate Judge Smith granted a limited stay of discovery in light of these motions in response to Defendants' request for a full stay. Defendants respectfully request this Court stay all discovery in order to allow the Court and the parties to focus their resources on the motions set forth below.

  **1.** **Objections to Magistrate Judge Smith's May 21, 2014 Order.**

  A detailed recitation of the relevant procedural background is set forth in Defendants' memorandum of law in opposition to Plaintiffs' motion to amend the complaint. (*See* ECF 30 at pp. 3-6). The salient facts are as follows:

---

[1] This letter is one page longer than the three-page limit because it encompasses two separate and distinct motions. For the Court's ease and rather than submitting two separate letters, Defendants combined their requests into one letter, which is the reason it is one page longer than the normal page limit.

BRACH|EICHLER LLC

Hon. Nelson S. Roman
May 30, 2014
Page 2

On December 5, 2013, Joseph Maiaro, Alex Ganot and Raymond Collazo filed this putative class and collective action alleging violations of the FLSA, New York Labor Law ("NYLL") and breach of contract. On December 11, 2013, Thomas Langhorn ("Langhorn") filed a consent-to-sue form. On March 14, 2014, after Defendants' sought leave to move to dismiss the Complaint, Your Honor granted Plaintiffs leave to re-plead and issued a Scheduling Order containing a March 15, 2014 deadline for joinder of additional parties and amended pleadings. On March 19, 2014, Plaintiffs filed an amended complaint (four days overdue) but did not add Langhorn as a named plaintiff. On April 1, 2014, Defendants filed an answer and counterclaims to the amended complaint.

On April 24, 2014, Magistrate Judge Smith sustained Defendants' objection to certain discovery requests and ruled that Plaintiffs were not entitled to primary discovery regarding Langhorn because he was not a named plaintiff. Therefore, on May 7, 2014, Plaintiffs moved to amend their complaint to add Langhorn as a named plaintiff. Despite Plaintiffs' claim to Magistrate Judge Smith that they only sought leave to add Langhorn as a party-plaintiff, the proposed Second Amended Complaint submitted with the motion added substantive allegations beyond merely naming Langhorn in addition to removing allegations regarding the amount of damages Plaintiffs allegedly suffered.

On May 14, 2014, Defendants opposed Plaintiffs' motion and, alternatively, requested fees and costs incurred in connection with responding to Plaintiffs' previous two complaints given the immense financial prejudice suffered by Defendants in responding to and litigating against two prior complaints. On May 21, 2014, Magistrate Judge Smith issued a decision and order granting Plaintiffs' motion to amend the complaint and denying Defendants' request for fees and costs. Magistrate Judge Smith specifically found there was no prejudice to Defendants in allowing Plaintiffs to file a third version of the complaint.

Pursuant to Fed. R. Civ. P. 72(a), Defendants respectfully submit that Magistrate Judge Smith's May 21, 2014 order should be set aside in its entirety and the motion for leave to amend should be denied. Plaintiffs simply chose not to add Langhorn as a party-plaintiff in their two prior pleadings. The Court should not have corrected Plaintiff's *decision* not to include Langhorn as a party-plaintiff in the first two pleadings. Plaintiffs were aware of Langhorn's potential claim as early as the month in which they filed the initial Complaint in December 2013. Further, the motion for leave to amend inexplicably was not filed until after Your Honor's deadline in the Scheduling Order to join additional parties and amend the pleadings.

Further, the May 21, 2014 decision and order were based upon the erroneous finding that Defendants suffer no prejudice as a result of Plaintiffs' overdue amendment. Defendant incurred significant financial costs to respond to and defend two prior versions of the Complaint. Now, because of the Court's ruling, Defendants will have to respond in detail to a third version of the complaint. That is plainly unduly prejudicial to Defendants, which are a small business and its sole owner who are defending these wage and hour claims without insurance. Defendants' litigation strategy has been tailored toward the original named Plaintiffs, including significant counterclaims against the three named Plaintiffs for falsifying payroll records and witness intimidation. Moreover, the May 21, 2014 decision incorrectly overlooked the fact that by allowing Langhorn to join as a party-plaintiff now, effectively relating his claim back to the

Hon. Nelson S. Roman
May 30, 2014
Page 3

filing date of the complaint, exposes Defendants to *at least* an additional six months of wage liability if Plaintiffs are ultimately successful.

Since December 2013, Plaintiffs knew the identity and potential involvement of Langhorn, but *chose* not to join him as a named plaintiff until May 2014. Plaintiffs' admission that they misunderstood the law regarding the legal effect of Langhorn's consent-to-sue form is not a basis for granting leave to amend. (*See* ECF 34 at 5 n.4). And Plaintiffs offered no other reason for their delay, which should have resulted in denial of the motion for leave to amend. *See, e.g., Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01-11295, 2004 WL 169746, at *1 (S.D.N.Y. Jan. 28, 2004) (denying leave to amend based upon plaintiff's unexcused delay even though there was "no doubt [] a colorable basis for plaintiffs' proposed claims"); *Lyondell-Citgo Ref., LP v. Petroleos De Venezuela, SA*, No. 02-0795, 2005 WL 883485, at *4 (S.D.N.Y. Apr. 14, 2005) (recognizing that "leave to amend is by no means automatic").

Alternatively, as a condition of granting leave to amend, the Court should have required Plaintiffs to pay for the significant financial prejudice suffered by Defendants and solely as a result of Plaintiffs' unexcused delay. Therefore, even if this Court overrules the objections to Magistrate Judge Smith's order granting leave to amend, the Court should overrule the portions of Magistrate Judge Smith's order that denied Defendants their reasonable attorneys' fees and costs incurred in connection with answering Plaintiffs' first two complaints. Defendant Alarm Specialists, Inc. is not a large company with the deep pockets to finance the unnecessary costs caused by Plaintiffs' litigation tactics. Defendants respectfully submit that, in the interest of justice, they should be reimbursed reasonable fees and costs for their wasted effort in answering the previous two complaints. Forcing Defendants to start anew with a fourth named plaintiff warrants, at minimum, granting Defendants' reasonable fees and costs incurred in connection with answering the previous two complaints.

### 2. Motion to Dismiss Plaintiffs' Complaint.

Defendants also respectfully request leave of Court to file a motion to dismiss Plaintiffs' complaint for failure to plead a plausible claim for relief under the FLSA in accordance with the Second Circuit's *DeJesus v. HF Management Servs., LLC*, 726 F.3d 85 (2d Cir. 2013). In the event Your Honor sets aside the May 21, 2014 order as requested above, Defendants seek to file a motion to dismiss the FLSA claim in the Amended Complaint pursuant to Fed. R. Civ. P. 12(c) and the remaining state law claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. However, should the Court affirm Magistrate Judge Smith's decision and order, Defendants seek to file a motion to dismiss the FLSA claim in the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) and the remaining state law claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

The Second Circuit has made clear that merely pleading that a plaintiff worked more than forty hours "in some or all weeks" fails to state a claim under the FLSA. *See DeJesus*, 726 F.3d at 87. The federal pleading standard demands more than "standardized, barebones complaints." *Id.* at 86. To raise a plausible claim for relief under the FLSA, a plaintiff must plead particular facts regarding the number of hours worked. *Id.* at 89. In *DeJesus*, the Second Circuit affirmed dismissal of the plaintiff's complaint alleging violations of the FLSA and NYLL because she

BRACH|EICHLER LLC

Hon. Nelson S. Roman
May 30, 2014
Page 4

failed to at least "estimate her hours in any or all weeks" and, instead, merely repeated the statutory language in her allegations. *Id.* at 89. The court explained that while a plaintiff is not expected to "keep careful records and plead their hours with mathematical precision," a plaintiff must at least draw on her "memory and experience" to set forth "sufficiently developed factual allegations." *Id.* at 90.

Here, Plaintiffs' allegations regarding the number of hours worked do not even come close to meeting the standard articulated in *DeJesus*. The SAC alleges: "Plaintiff worked, on the average, 60 hours a week without receiving overtime pay for weekly hours worked in excess of forty" (¶ 21); "Plaintiffs, FLSA Technicians and Class Members regularly worked on average of 60 hours a week but were only paid straight time pay for all hours worked, with no overtime premium paid an average of 20 weekly overtime hours worked since 2006" (¶ 45); and "[t]he exact number of overtime hours worked by Plaintiffs, FLSA Technicians and Class Members can be determined upon an audit of Defendants' payroll records, work orders, job tickets and expense reimbursement forms which are not within Plaintiffs' possession or control" (¶ 48). (*See* Amended Complaint at ¶¶ 20, 42 setting forth nearly identical allegations). Based upon Plaintiffs' barebones allegations, Defendants cannot determine how many hours each plaintiff alleges he worked or on what dates. It is insufficient for Plaintiffs to rely upon Defendants' records without even attempting to draw upon their own experience and memory.

In the event the Court grants dismissal as to Plaintiffs' FLSA claim, there will no longer be any basis for the Court to exercise subject matter jurisdiction over the remaining state law claims alleging overtime violations under the NYLL (Counts 2-3) and breach of contract (Count 4). Indeed, Plaintiffs' sole basis for subject matter jurisdiction over the three state law claims is the Court's supplemental jurisdiction under 28 U.S.C. 1367(a), which relies upon one federal anchor claim under the FLSA. If the Court grants dismissal under either Fed. R. Civ. P. 12(c) or 12(b)(6), there is no independent basis for the Court to exercise jurisdiction over the three state law claims given that all parties are New York State citizens. Further, the District Court should decline to exercise supplemental jurisdiction over the three remaining state court claims pursuant to 28 U.S.C. § 1367(c)(3) in the absence of a federal anchor claim.

Respectfully submitted,

Anthony M. Rainone

cc:   Douglas Weiner, Esq. (via email)

BE:3723570.1/ALA021-266497